# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GREAT DIVIDE INSURANCE COMPANY,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff, The Travelers Indemnity Company of America ("Travelers"), by and through its undersigned counsel, as and for its Complaint against Defendant, Great Divide Insurance Company ("Great Divide"), alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. In this action, Travelers seeks a declaration that Great Divide is obligated to defend and indemnify The Pike Company, Inc. ("Pike") and The Crossroads at Genesee Housing Development Fund Company, Inc. ("Crossroads") in a lawsuit styled *William Hauser v. The Pike Company, Inc.*, *et al.*, in the Supreme Court of the State of New York, County of Erie, Index Number 813824/2022 (the "Underlying Action"), as additional insureds under a policy of insurance issued by Great Divide to Empire Building Diagnostics, Inc. ("Empire") on a primary, non-contributory basis.

## THE PARTIES

2. At all times relevant hereto, Travelers was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located in Hartford, Connecticut.

3. Upon information and belief, at all times relevant hereto, Great Divide was and is a North Dakota corporation with its principal place of business located in Urbandale, Iowa.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. §§ 1332 and 2201.

5. In the Underlying Action, William Hauser ("Claimant") seeks recovery for alleged personal injuries including but not limited to disc herniations at L2-3, L3-4, L4-5, and L5-S1; displaced transverse fracture of the L1 spinous process; lumbar radiculopathy; and right leg radiculopathy. Therefore, the purported value of the Underlying Action exceeds $75,000.

6. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred in this judicial district.

7. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Great Divide.

8. Travelers has no adequate remedy at law.

## THE RELEVANT POLICIES

9. Great Divide issued a general liability insurance policy to Topline Drywall, Inc. ("Topline") bearing policy number ECPO154361218 for the policy period May 12, 2019 to May 12, 2020 (the "Great Divide Policy").

10. Subject to certain terms, conditions, and exclusions, the Great Divide Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

11. The Great Divide Policy contains an ADDITIONAL INSURED – BLANKET endorsement that provides, in part:

> **SECTION III – WHO IS AN INSURED** is amended to include as an insured, with respect to Coverage **A**, **B** and **D**, any person(s) or organization(s) when you and such person(s) or organization(s) have agreed in a written contract or written agreement that such person(s) or organization(s) be added as an additional insured on your policy. Such written contract or written agreement must be in effect prior to the performance of **your work** which in the subject of such written contract or written agreement.
>
> Such additional insured status applies only:
>
> 1. Under **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and **COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY** for claims or **suits** resulting from:
>
>    a. **Your work** performed for such person(s) or organization(s) in the performance of your ongoing operations for the additional insured; or
>
>    b. **Your work** performed for such person(s) or organization(s) and included in the **products-completed operations hazard**.
>
> […]
>
> With respect to damages caused by **your work**, as described above, the coverage provided hereunder shall be primary and not contributing with any other insurance available to those person(s) or organization(s) with which you have so agreed in a written contract or written agreement.

12. Travelers issued a commercial general liability insurance policy to Pike bearing policy number VTC2K-CO-8195A151-IND-19 for the policy period December 1, 2019 to December 1, 2020 (the "Travelers Policy").

13. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

14. The Travelers Policy contains excess "other insurance" language that provides that coverage under the Travelers Policy is excess over any other insurance that is available to the

insured when the insured is an additional insured, or is any other insured that does not qualify as a named insured, under such other insurance.

## BACKGROUND FACTS

15. Pike, as Contractor, and Empire, as Subcontractor, entered into a Master Subcontract Agreement dated January 9, 2020 (the "MSA").

16. The MSA provides, in part, as follows:

> The Contractor and Subcontractor enter into this Master Subcontract Agreement with the intent and understanding that it will serve as a master agreement for all projects for which Contractor engages Subcontractor, so as to avoid negotiation and execution of separate agreements for each specific project. For each project on which the Contractor engages the Subcontractor, a Work Order will be executed by both parties that shall incorporate this Master Subcontract Agreement by reference, and will include all project-specific terms and conditions, Contract Documents, Scope of Work, insurance requirements and other project-specific requirements and information. The parties agree that this Master Subcontract Agreement, without further acknowledgement, signature, or agreement, will govern all projects for which a Work Order is issued.

17. The terms of the MSA require Empire to procure and maintain certain insurance, including comprehensive general liability insurance naming Pike and Crossroads as additional insureds on a primary and non-contributory basis.

18. Pursuant to the terms of the MSA, Pike issued Work Order No. 191514-001 dated January 9, 2020 to Empire (the "Work Order") for Empire to perform certain demolition work at the Crossroads at Genesee project located at 19 Doat Street, Buffalo, NY (the "Project").

19. The Work Order require Empire to "[p]rovide all labor, materials, equipment, supervision, management, and layout necessary to complete all work" under the Work Order.

20. The Work Order require Empire to "provide temporary drinking water and safety equipment as required for their own personnel."

21. The Work Order require Empire to "[p]rovide all scaffolding, lifts, cranes, rigging, hoisting and material handling as required for performing this scope of work."

22. The terms of the Work Order require Empire to obtain certain insurance, including general liability insurance with minimum limits of $1,000,000 each occurrence and $2,000,000 general aggregate naming Pike and Crossroads as additional insureds on a primary and non-contributory basis.

23. In the Underlying Action, Claimant alleges that, on or about April 17, 2020, he was working for Empire at the Project when he was caused to fall from a scaffold, resulting in injury.

24. In the Underlying Action, Claimant asserts causes of action against Pike, Crossroads, and Regan Development Corp. seeking to recover for his injuries based on theories of negligence and violations of the New York Labor Law.

25. Travelers has been providing and continues to provide Pike and Crossroads a defense in the Underlying Action.

## TENDERS TO GREAT DIVIDE

26. By correspondence dated October 23, 2020, Travelers tendered the defense and indemnity of Pike and Crossroads to Empire and Great Divide.

27. By correspondence dated March 16, 2021, Travelers retendered the defense and indemnity of Pike and Crossroads to Great Divide.

28. By correspondence dated April 11, 2023, Travelers again retendered the defense and indemnity of Pike and Crossroads to Great Divide.

29. Great Divide has not responded to Travelers' tenders.

30. Great Divide has refused to provide additional insured coverage to Pike and/or Crossroads under the Great Divide Policy.

31. Great Divide has refused to provide a defense to Pike and/or Crossroads under the Great Divide Policy.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

32. Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "31" above as if fully set forth herein.

33. Pike and Crossroads qualify as additional insureds under the Great Divide Policy.

34. Pike and Crossroads are entitled to a defense under the Great Divide Policy.

35. Pike and Crossroads are entitled to indemnification under the Great Divide Policy for any verdict or judgment rendered against them in the Underlying Action.

36. The coverages provided to Pike and Crossroads under the Great Divide Policy are primary and non-contributory with any coverage provided by the Travelers Policy.

37. Great Divide has refused to fulfill its coverage obligations to Pike and Crossroads with respect to the Underlying Action.

38. Accordingly, Travelers seeks a declaration that Great Divide has an obligation to defend and indemnify Pike and Crossroads as additional insureds under the Great Divide Policy; that the coverages provided by the Great Divide Policy to Pike and Crossroads are primary; and that the obligations of Travelers to Pike and Crossroads in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Great Divide Policy.

39. In addition, Travelers seeks an award at law and in equity against Great Divide for recovery of all sums Travelers has paid and continues to pay in the defense of Pike and Crossroads in the Underlying Action because the coverages provided by the Great Divide Policy are primary to any coverage provided by Travelers.

WHEREFORE, Travelers respectfully requests that this Court issue judgment as follows:

1. Declaring that Pike and Crossroads are insureds under the Great Divide Policy to whom Great Divide owes coverage with respect to the Underlying Action;

2. Declaring that Great Divide has a duty to defend Pike and Crossroads in connection with the Underlying Action;

3. Declaring that Great Divide has a duty to indemnify Pike and Crossroads in connection with the Underlying Action;

4. Declaring that Great Divide's coverage obligations to Pike and Crossroads with respect to the Underlying Action are primary to any coverage provided by Travelers to Pike and Crossroads;

5. Declaring that the obligations of Travelers to Pike and Crossroads in connection with the Underlying Action are excess and non-contributory to those of Great Divide;

6. Awarding judgment against Great Divide in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against Pike and Crossroads in the Underlying Action;

7. Awarding judgment against Great Divide in an amount equal to any sums that Travelers may incur to resolve and indemnify Pike and Crossroads for the claims in the Underlying Action;

8. Granting an award in favor of Travelers for the costs of suit incurred herein; and

9. Granting such other and further relief as the Court may deem just and proper.

*(Remainder of page intentionally left blank)*

Dated: New York, New York
December 28, 2023

          USERY & ASSOCIATES

By:   /s/Lisa Szczepanski
Lisa Szczepanski
*Attorneys for The Travelers Indemnity Company*
T. (917) 778-6680
F. (844) 571-3789
E. lszczepa@travelers.com

Mailing Address:[1]
P.O. Box 2996
Hartford, CT 06104

---

[1] Physical Address: 485 Lexington Ave., 6th Fl., New York, NY 10017